# William R. Vredenburgh, Insurance Superintendent, v. Physicians Defense Company.

### Gen. No. 12,392.

1. INSURANCE—*what essential to render contract one of.*  Indemnity is an essential element of a contract of insurance, and a contract which does not possess this element is not one of insurance.

2. INSURANCE BUSINESS—*what is not.*  An organization which agrees for a consideration to defend actions for damages does not conduct an insurance business where it does not undertake to indemnify nor to pay any judgment rendered, or any part thereof, or even the costs which may be adjudged in the action.

Injunctional proceeding. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed May 8, 1906.

**Statement by the Court.**  Appellant filed a bill of complaint in and by which it is sought to restrain the Physicians Defense Company, a corporation organized under the laws of Indiana, from carrying on its business in this State, upon the alleged ground that said company is conducting an insurance business in violation of law, and on the 18th of August, 1903, issued what, it is claimed, is an insurance policy to the Finsen Light Institute of America, of the city of Chicago.

Said alleged policy is set out in full in complainant's bill. It provides, in substance, that, in consideration of a written application and $50 payable annually in advance, the defendant company agrees to defend the Finsen Light Institute against all civil suits for damages for malpractice based on services rendered during the term of the said agreement at the cost and expense of the company not exceeding $5,000 in the defense of any one suit, nor exceeding, in the aggregate, $10,000 in the defense of suits based on services rendered by the holder of the agreement within one year from the date of the contract. The company agrees, on receipt of notice, to employ a local attorney, in whose selection the holder of the said agreement shall have

a voice, who, together with the attorney of the Defense Company, will defend such suit for malpractice without expense to the holder of the agreement until final judgment in favor of the holder or until all remedies by appeal, writ of error or other legal proceedings shall have been exhausted, provided the company shall not be under obligation to expend more than $5,000 in defense of any such suit. It is agreed that the company shall not compromise any suit or claim for malpractice, nor shall the holder compromise after the company has entered upon the defense of any such suit, unless by consent in writing of the company first obtained.

It is further agreed that the company does not obligate itself to pay or to assume or to secure the payment of any judgment rendered against the holder of such agreement in any suit it may defend. The contract does not cover criminal prosecutions nor suits for assault, criminal abortion, fœticide, homicide or other criminal act.

The bill alleges that the company has not complied in any respect with the laws of Illinois governing insurance companies, whether organized in this State or under the laws of any other State seeking to be admitted to transact business in this State, and recites the provisions of the statute alleged to be applicable. Complainant charges that said Physicians Defense Company is now, at the time of beginning this suit, engaged in the business of insurance in the State of Illinois without right and without warrant of law. He prays for an injunction restraining the defendant from further carrying on said business.

The bill was demurred to, the demurrer sustained, a temporary injunction, which appears to have been granted, was dissolved and the bill dismissed for want of equity.

FRED H. ROWE and THADDEUS S. ALLEE, for appellant.

KICKHAM SCANLAN, for appellee; CHARLES M. NIEZER and R. S. TAYLOR, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court. It is urged by appellant's counsel that the Circuit Court

erred in dismissing the complainant's bill. The sole question presented is "whether or not the Physicians Defense Company is doing an insurance business." It is conceded that what the appellee agrees by its contract in question to do, is merely to defend suits for malpractice brought against one with whom it has made such agreement "at its own cost and expense not exceeding five thousand dollars in the defense of any one suit," nor exceeding ten thousand dollars in the aggregate. Appellant sets forth a portion of the Illinois statute which authorizes the formation of casualty insurance companies for the purpose of issuing policies insuring, among other things, "against any other casualty or insurance risk specified in the articles of organization, which may lawfully be the subject of insurance and the formation of corporation for insuring against which is not otherwise provided for by these statutes." R. S. 1903, chap. 73, sec. 273, par. 7. It is claimed that appellee's contract includes risks which may lawfully be the subject of insurance in this State, and that it cannot transact such insurance business here without complying with the requirements of section 279 of that chapter.

While it is doubtless true, as appellant argues, that the field of insurance has been broadening, its nature and definition nevertheless have not materially changed. A contract for insurance is still neither more nor less than a contract to indemnify for loss or injury or for damage to the person or thing which is the subject-matter of the contract. "The predominant intention of the parties in a contract of insurance is indemnity and this is to be kept in view and favored in putting a construction upon the policy." Phillips on Insurance, sec. 124. In A. & E. Ency. of L., Vol. 16, p. 838, insurance in its general sense is said to be "a system of business by which one party for an agreed consideration proportionate to the risk involved, undertakes to a specified extent and under stipulated conditions to indemnify another against pecuniary loss arising from the destruction of or injury to property from certain perils, or to pay a stipulated sum upon the death or physical dis-

ability of a specified person or upon his attaining a certain age;" and in its more limited sense is defined as " the contract or agreement by means of which this indemnity or undertaking is effected." The contract, it is said, sprang from the law maritime and derives its material rules therefrom, having its origin in ancient times. In Lucena v. Craufurd, 2nd Bosauquet & Puller, p. 267, it was said in 1806, by one of the judges (p. 299), in considering " what that interest is the protection of which is the proper.object of a policy of assurance," that it " is to be collected from considering what is the nature of such contract;" and the conclusion is thus stated: " These definitions by writers of different countries are in effect the same and amount to this, that insurance is a contract by which the one party in consideration of a price paid to him adequate to the risk, becomes security to the other, that he shall not suffer loss, damage or prejudice by the happening of the perils specified to certain things which may be exposed to them." Recent definitions are to the same effect. In The People v. Rose, 174 Ill. 310, the question arose whether the objects or any of them of a proposed corporation fell within the term " insurance." The court in its opinion (pp. 312–315) cites a number of definitions from standard authorities, which in substance define insurance as a contract for indemnity. In Shakman v. U. S. Credit System Co., 92 Wis. 366–374, it is said: "An insurance contract is a contract whereby one party agrees to wholly or partially indemnify another for loss or damage which he may suffer from a specified peril." It is unnecessary to multiply citations. The statutes of this State relating to insurance (R. S. chap. 73) recognize and contemplate the formation of companies whose purpose shall be to furnish indemnity for loss or damage, whether by fire, marine and inland navigation, lightning and storms, loss of life, loss and injury by accident, burglary and other casualties. Nowhere does it appear that the statutes relating to insurance are applicable or intended to be applicable to persons or corporations not furnishing such indemnity.

The contract in controversy does not fall within the foregoing definitions. By it appellee undertakes at its own cost and expense to defend the other party to the agreement against suits of a specified character, brought within a specified time, in consideration of a fixed payment which may be deemed as in the nature of a retainer, such as an attorney may lawfully receive from a client. The company does not undertake to indemnify the holder of its agreement against a judgment, or to pay such judgment nor any part of it, not even the costs of suit. It is true that in making defense it may have to pay out more than the sum it receives. So also an attorney who may agree with a client to defend a suit for an agreed compensation may find himself compelled to expend time and labor worth more than he has agreed to charge and receive. The contract has no element, so far as we can discover, of indemnity. Appellee does not insure the holder against suits for malpractice. It merely makes a business of defending against them when they are brought, provides legal services for its patrons, and we perceive no reason why it should be compelled to comply with the requirements of the statutes referred to relating only to insurance companies.

The judgment of the Circuit Court dismissing the bill of complainant for want of equity will be affirmed.

*Affirmed.*