## UNITED STATES CASUALTY CO v BLISS

Ohio Appeals, 2nd Dist, Franklin Co

No 2360.   Decided May 9, 1934

Watson, Davis & Joseph, Columbus, for plaintiff in error,

Druggan & Gingher, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

A discussion of both of these questions no doubt would be interesting and inferentially helpful, and they are considered in a most effective manner in the brief of plaintiff in error. However, we believe the important question presented is narrower, namely, was the "Company" bound by the language of the Bliss policy to defend him so far as was necessary on the petition filed by Richardson for damages for personal injuries? It is the theory of counsel for the "Company" that unless the "Company" was bound under its policy to indemnify Bliss for legal liability on any judgment that Richardson might secure against him, it would not be obligated to defend the action against him. Whether or not this position is sound depends entirely upon the contract between the parties. There is no question but that the car involved in the accident in which Richardson was injured was the Kissel sedan owned by Bliss and set forth in the policy. The controlling terms of the policy in addition to so much thereof as we have heretofore quoted, are as follows:

The policy insures against,
"Item 1. Bodily injury, or death at any time therefrom suffered by any person or persons, not excluded in Condition B of this policy, subject to limits in Statement 12."

Condition B so far as pertinent:
"This policy does not cover any liability * * * (1) to any employe while operating or caring for any automobile described herein, or while engaged in the usual course of the assured's trade, business, profession or occupation * * *."

Statement 12 fixes the sum of liability under the policy. Item 3:
**"The Company will defend, in the name and on behalf of the Assured, all claims or suits for damages for which the Assured is alleged to be legally liable** and will pay within the limits covered by this policy, any final judgment rendered against said Assured for such damages, together with the taxed court costs and accrued interest and such other expenses as may have been incurred with the Company's written consent, and will reimburse said Assured for the expense incurred in providing immediate surgical relief at the time of an accident."

We are convinced that the obligation of the "Company" to defend the action against Bliss is established by that portion of Item 3 which is printed in black face type. In our judgment the obligation to so defend attended whether or not the "Company" would have been liable eventually to satisfy the judgment against Bliss within policy limits had it been entered against him in the action wherein Richardson was the plaintiff, and notwithstanding the fact that the petition of Richardson may have suggested contributory negligence on his part.

Attention is directed to the fact that Judges Scarlett and Leach differed somewhat upon the theory upon which Richardson could recover, if at all, against Bliss. It also appears that Judge Reynolds has expressed an opinion as to the liability of the "Company" to defend under its policy, and it is interesting to note that all three of these judges have reached the conclusion though by somewhat different courses, that the "Company" was bound to defend.

Item 3 contemplates a two-fold obligation

of the "Company": (1) To defend claims or suit for damages to which the Assured is a party; and (2) To pay any final judgment rendered against the assured for damages. To hold that if the petition on its face suggested contributory negligence by Richardson, the "Company" would not be bound to defend would be a narrow and restricted construction of the language of the policy. It would require the Assured at his own risk to make determination whether or not the petition stated a good cause of action. The language of the policy is "to defend suits for damages for which the Assured is alleged to be legally liable." This language is used in the broad interpretation and meaning of the words employed and not in a technical and restricted meaning.

We might say in passing that we are of opinion that the petition does state a cause of action and that the contributory negligence of Richardson appeared from his testimony rather than from the allegations of his petition. It is likewise not material whether or not Richardson's petition was predicated upon his relation as an employee of Bliss, because the petition upon either theory alleges that Bliss was legally liable to Richardson.

Inasmuch as the obligation of the "Company" is determined upon the proper interpretation of the language employed in Item 3 of this policy, and to us it seems definite and plain, little of advantage will result by further or protracted discussion of the question. However, we might briefly consider the Ohio cases cited by counsel for the parties in their briefs.

Commonwealth Casualty Co. v Headers et, 118 Oh St 429: Here the policy indemnified the insured against loss by reason of judgments recovered against him by parties accidentally injured, * * * by reason of the negligent operation only of motor vehicles belonging to and operated by the insured, and which further obligated the insured to bear the expense of defending such actions seeking recoveries from the insured. It was held that the company was not bound to defend actions for the recovery of damages based on negligence which did not in any manner grow out of or were not connected with the operation of the motor vehicles set out in the policy. The obligation "of the assured to bear the expense of defending such actions" could have reference only to actions growing out of damages resulting from negligence connected with the operation of the motor vehicles covered by the insurance policy.

The Bloom-Rosenblum-Kline Co. v Union Indemnity Co., 121 Oh St, 220: In this case the action was by the assured to recover money expended in maintaining its defense in a suit brought by a party plaintiff against the "Company" claiming to have been injured by the negligence of an employee of the Assured in the operation of an automobile. There was doubt if the automobile which caused the damage to plaintiff was covered by the policy. The language of the policy was broad and provided that the "company" would "defend such suit whether groundless or not;" and bear the expense incurred by the assured in defending such suit. The court held that under the terms of the policy the "Company" was bound to defend or meet the expenses incurred in defending the suit against the Assured, because the "Company" might be called upon to pay the judgment, if returned.

The policy in this case in our judgment is more favorable to the Assured than the policy in the Bloom-Rosenblum-Kline Company case. Here the "Company" was obligated to "defend all claims or suit for damages caused by an automobile covered by the policy for which the Assured is alleged to be legally liable." There the obligation to defend only related to suits whether groundless or not upon which there might upon the pleadings be liability under the policy.

Had the terms of the Bloom-Rosenblum-Kline Company policy been controlling in the instant case we would have a more difficult question because though the claim of plaintiff as set up in his petition be established, there would be no liability of the company to pay under its policy.

Union Indemnity Co. v Mostov, 41 Oh Ap, 518, (11 Abs 712). The policy under consideration in this case was much like the one heretofore discussed in the Bloom-Rosenblum-Kline Co. v Indemnity Co., supra. The court held that the insurance company was bound to defend the suit against the assured and that its obligation for expenses incurred by the Assured in defending damage suits against him depended upon the terms of the policy. Little discussion is indulged in which is helpful in the legal question here involved.

We see nothing in any of these cases which in any wise requires a different determination of the obligation of the "Company" on its policy in the case under consideration. We find no prejudicial error in

the judgment of the trial court. It will therefore be affirmed.

BARNES, J, concurs.
KUNKLE, J, not participating.

## ON APPLICATION FOR REHEARING

### Decided May 28, 1934

By THE COURT

An application designated motion for rehearing was sent to each member of this court by counsel for plaintiff in error.

We have a communication from counsel for defendant in error in which we are cited to Rule 13 and it is claimed that its provisions were not observed. While, technically, this is true, yet, substantially, the motion complies with the rule as it contains a memorandum and was filed in time. We, therefore pass upon the questions presented.

The application presents two grounds for rehearing: First, that the court has not properly construed the policy as it relates to the obligation of the Company to defend the suit against its assured. Second, that our decision is contra the case of **State ex Physicians Defense Company v Laylin, Secretary of State, 73 Oh St, 90.**

Both of these propositions were capably and extensively presented and urged in the comprehensive briefs of counsel on the original presentation of the case. We are of opinion that our former decision gives full weight and consideration to all the terms of the policy necessary to determine the question presented.

It is our belief that the obligation of the insurer to defend suits against the assured is, under the terms of the insurance contract, broader than its obligation to pay ultimate liability as disclosed by a judgment against the assured. Nor does our judgment contravene the case of State ex v Laylin, supra. It is not necessary for us to quote from this opinion at length but the distinction between the cited case and the instant case is made apparent by a careful reading of the first proposition of the syllabus in the cited case, together with the opinion of Crew, J, speaking for the court at pages 98 and 100 thereof.

The cited case has been criticized in well-reasoned opinions, in Physicians Defense Company v Cooper, 199 Fed. 576, and particularly at page 581, which was an affirmance of the same case found in 188 Fed. 832.

If it be claimed that State ex y Laylin, supra, had application to the contract under construction in this case, we question if it would prevent recovery upon the contract by the assured, as State v Laylin was a mandamus action by the company, seeking to compel Laylin, Secretary of State, to issue and deliver to it a certificate authorizing it to transact business in the State of Ohio as a foreign corporation. We seriously doubt if the company in this case could be heard to urge against its assured the claim that its contract did not protect the assured because it is not an insurance contract within the contemplation of the act requiring a certificate by a foreign insurance company to do business in Ohio.

The cited Ohio case proceeded clearly upon the theory that the contract of the company was one for personal services and was based in part upon the fact that the sole purpose of the contract was to defend suits for malpractice. In this case there can be no question that the general import of the contract is indemnity insurance and that the clause agreeing to defend certain suits is but an incident to the main purpose of the contract.

The application for rehearing will be overruled.

HORNBECK, PJ, and BARNES, J, concur.
KUNKLE, J, not participating.