ALICE R. DUNNE, A MINOR, BY WILLIAM J. DUNNE, NEXT
FRIEND, AND WILLIAM J. DUNNE, INDIVIDUALLY,
RESPONDENTS, v. CHARLES J. HELY AND JOHN E.
McCORMACK, INDIVIDUALLY AND AS PARTNERS,
TRADING AS HELY & McCORMACK, APPELLANTS.

Submitted May 27, 1927—Decided February 6, 1928.

For the appellants, *Anthony R. Finelli.*

For the respondents, *Arthur M. Karl* (*Harry Unger,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The two grounds of appeal relied on by the appellants for a reversal of the judgment are as follows: (1) The court committed error in refusing to direct a verdict in favor of the defendants. (2) There was error in the charge of the court holding there was a fair conflict of testimony on the fundamental issue of whether the relationship of master and servant existed at the time of the occurrence of the damage complained of.

The latter ground of appeal is not in accordance with the settled legal rule, which requires the portion of the charge claimed to be erroneous in law to be set forth in the ground of appeal.

The discussion of the case will be confined to the legal question raised by the first ground of appeal, which, by the way, is ample enough to embrace, in a measure, the second ground of appeal.

The single question raised by the appeal is whether there are any facts developed by the testimony which tend to establish that at the time the female plaintiff was injured, the driver of the truck was on his master's business, for, if he was not, then the defendants below were entitled to a directed verdict in their favor.

The question whether or not the truck driver, at the time of the happening of the accident, was on his master's business, was a jury question.

From the testimony in the case it appears that the driver of the truck was in the employ of the defendant partnership, and that at the time of the accident he was driving the truck for the purpose of taking it to a garage which was the place designated by his employer for the storage of the truck when not in use for the appellant's business.

The testimony discloses that the garage was about a mile or more from the place of apellant's business, and that the truck driver, whose delivery hours were to cease at five o'clock, was sometimes engaged until half-past six o'clock in the evening making deliveries, and, after having finished, would proceed to his own home, where he would take his supper, and later would take the truck to the garage, which was some three or four blocks distant from where he lived.

On the evening in question, when the accident occurred, according to the testimony of the truck driver, he followed his usual custom, and after he made his last delivery, which seems to have been after six o'clock, he arrived at his home at about six-thirty o'clock, and at an hour later he left his abode with the truck for the garage. On his way there he was requested by four boys to take them down to a candy store which was in the neighborhood of the garage, but not on the direct route to it, and while he was on his way to the candy store the accident happened, and because of that fact it is contended, on behalf of appellant, the truck driver deviated from his course of travel to the garage, and automati-

cally ceased to be acting on his master's business at the time of the accident, and, therefore, the appellant was entitled to a direction of a verdict in its favor.

This contention is manifestly unsound.

The testimony is that the truck driver was on his way to the garage when he picked up the boys to carry them to and to leave them at the candy store. The incident of taking the boys on the truck did not *per se* have the effect of altering the purpose of the driver to take the truck to the garage. The inference to be drawn from the argument of counsel for appellant is, because the candy store was not on the direct route to the garage, but was a block or so out of the way, that such deviation from the direct route to the garage evinced conclusively that the driver was not on his master's business, but was on his own.

The fallacy of this contention lies in the assumption that the question whether there was a deviation from the master's employment to the extent that such deviation was tantamount to an act disconnected from the servant's employment is purely a legal one, whereas, according to settled authority, it is a mixed question of law and fact.

In *Evers* v. *Krouse*, 70 *N. J. L.* 653, this court held that to relieve a master from liability for the act of his servant done by him while engaged in his master's work, the act done by the servant must be entirely disconnected from the service.

It is quite apparent that if the candy store had been on the direct route to the garage, there would be no basis for the contention that the act of the servant was not strictly within the line of his employment—that is, to take his master's truck to the garage.

Can it, therefore, be reasonably claimed that because of a slight deviation made by the driver from a direct route to one, which was not so direct, while engaged in taking the truck to the garage, his act was so disconnected from his employment that, as a matter of law, the master was absolved from liability for any negligent act done by his servant, notwithstanding that the latter was on his way to the garage?

It is to be observed that it is not the circumstance of a deviation made from the direct route that determines the ques-

tion of liability of a master for the tortious act of his servant, but rather, whether the act of deviation *per se* was so disconnected from the master's service as to exonerate him from liability.

The driver in the instant case was, concededly, on his way to take the truck to the garage, therefore it is difficult to perceive how it can be reasonably contended that his act was disconnected from his employment. At any rate, it was a question for the jury to determine whether it was or not. *Missell* v. *Hayes*, 86 *N. J. L.* 348; *Jennings* v. *Okin*, 88 *Id.* 659 (at *p.* 661).

The motion to direct a verdict for defendants was properly denied.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, LLOYD, VAN BUSKIRK, JJ. 8.

*For reversal*—KATZENBACH, CAMPBELL, WHITE, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 7.