The American Liability Co. *v.* Remke, Admr.

(Decided April 16, 1929.)

*Messrs. Roettinger & Street* and *Mr. Wm. C. Will- ging,* for plaintiff in error.

*Messrs. Kelley & Remke,* for defendant in error.

Cushing, P. J. On July 30, 1923, the American Liability Company issued an automobile liability policy to Mildred Steinbock. The policy, by its terms, covered the car while being driven by Edwin A. Steinbock.

September 1, 1923, Edwin A. Steinbock was driving the automobile from Cincinnati, Ohio, to Winona Lake, Indiana, at which time an accident occurred to the automobile. The machine turned over on a road in Indiana, and Sadie A. Steinbock, one of the occupants, was killed.

The administrator of the estate of Sadie A. Stein-

bock brought an action in the court of common pleas of Hamilton county against Edwin A. Steinbock for damages. This action was instituted on July 26, 1924, and a default judgment was recovered for $5,000. This judgment was recovered one year and nine months after the filing of the action.

February 5, 1924, the liability company wrote the following letter to Edwin A. Steinbock:

"February 5, 1924.
"Mr. Edwin A. Steinbock, 2243 Monroe Avenue, Norwood, Ohio.

"Dear Sir: After thoroughly going over the sworn statements made by you, Mrs. Louisa Steinbock and Miss Mildred Steinbock, we are of the opinion that we are not obligated to defend you in any action brought against you by the administrator of the estate of Sadie E. Steinbock, deceased, for the reason that any liability on your part for this accident is specifically exempted under the terms of the policy issued to Mildred Steinbock by which terms you are also bound.

"We are, therefore, not further interested in this claim and any other dealings you may have direct with Mr. Remke.

"American Liability Company.
"Per F. O. Valentine, General Agent."

December 22, 1924, the company wrote Mrs. Mildred Steinbock Kiefer the following letter:

"December 22, 1924.
"Mrs. Mildred Steinbock Kiefer, 5858 Valley View Ave., Kennedy Heights, Cincinnati, Ohio.

"Dear Madam: We received your letter of December 10th referring to the accident which happened on September 1, 1923, on the road to Winona

Lake, Indiana, in which accident your sister-in-law was killed. We note further that your father, who was driving the car, was sued on July 26, 1924, by the administrator, which is the first advice we have had of this suit, and that you are demanding that we assume the defense of this case.

"We have all the details of this accident in our files and in our opinion it is not covered by the terms of the policy and, therefore, we do not care to assume the defense.

"Yours very truly,
"The American Liability Company."

The policy provided as follows:

"And in addition to the above, the company does hereby agree

"(c) To defend at its own cost and in the name and on behalf of the Assured, any legal proceedings, even though deemed groundless, instituted against the Assured to enforce liability covered by this part of the policy."

From its own letter, it is certain that the company was furnished statements with reference to the accident; that it knew and had notice of the filing of an action, and, under the terms of its policy last above quoted, declined to perform its contractual obligation under the policy.

Plaintiff in error relies on the case of *Stacey* v. *Fidelity & Casualty Co.*, 114 Ohio St., 633, 151 N. E., 718. Statements of fact in that case are that the insured failed to give the insurance company any notice of the accident, or to notify it that suit had been brought, failed to forward to the company the summons served upon him, but, on the contrary, conducted the legal proceedings voluntarily, and upon

his own responsibility, and in direct violation of the terms and conditions of the policy.

In the case at bar, in February, before the action was filed in July, the company took the position that it would not defend the action, and after the action was filed, and more than a year before judgment was taken, the company again declined to defend the action, as it was required to do under the terms of its policy.

Having breached its contract, it cannot be heard to claim that it is exempt from liability.

The judgment of the court of common pleas will therefore be affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.