Messrs. Tracy, Chapman & Welles, Toledo, and Sidney D. L. Jackson, Youngstown, for plaintiff in error.

Brady, Yager & Bebout, Toledo, and Joseph D. Stecher, for defendant in error.

## UNION INDEMNITY CO v MOSTOV

Ohio Appeals, 6th Dist, Lucas Co

No 2632.  Decided February 29, 1932

RICHARDS, J.

Liability, or the lack of it, depends upon the terms of the contract between the company and the assured, and this fact is well illustrated by the following language quoted from **36 C J 1093:**

"Where the obligation of insurer is to defend all suits of which notice is given to it, and to pay all expenses in defending such suits, it is liable for the expenses incurred by insured in his successful defense of a suit

against him, which insurer had declined to defend. But where the obligation of insurer to defend is limited to cases where insured is legally liable on the facts and circumstances of the accident causing the injury, and it does not stipulate to indemnify insured against the costs of defending himself against fictitious or groundless suits, it cannot be held liable to insured for costs and expenses incurred by him in successfully defending a suit which insurer has failed or refused to defend, on a fictitious or groundless claim."

Many cases are cited by counsel, nearly all of which may be reconciled when due attention is given to the language of the particular policies involved. The company declined to make the defense, but it has received the benefit of the defense made by Mostov and as its conduct was a breach of Clause (C) of the policy, it has no just ground for complaint that he now seeks to recover the necessary expenses paid by him in making the defense. When these suits were brought, neither the company nor Mostov knew that they were groundless, and that could only be ascertained at the end of the litigation, and doubtless the likelihood that such a situation might arise is just what induced the making of the contract in such form as to require the company to investigate and defend, whether the action were groundless or not. On this proposition we cite:

South Knoxville Brick Co vs Empire State Surety Co., 126 Tenn., 402;
**The Bloom-Rosenblum-Kline Co vs Union Indemnity Co., 121 Oh St 220.**

The policy contains certain conditions, in part as follows:

"Exclusions. It is a condition of this policy: * * (B) That the Company shall not be liable under this policy (unless waived by endorsement hereon) while any automobile described herein is used, operated or manipulated * * * (2) by any person in violation of law as to age, or in any event under the age of sixteen years; * * * ."

On the date of the collision there was in full force and effect in the City of East Cleveland an ordinance reading as follows:

"No person being the owner, bailee, lessee or custodian of any motor vehicle shall permit a minor under the age of eighteen years to operate the same, nor shall any person under the age of eighteen operate any motor vehicle on the public highways, streets, thoroughfares, parks or boulevards of the City of East Cleveland."

The company contends that at the time of the collision the Mostov automobile was being operated by Leonard Fishelman, who was only sixteen years of age, and that this constituted operating the automobile in violation of law.

A very interesting question is raised by counsel for the company in asserting that it was not liable under the policy because the car was being operated in violation of an ordinance of the City of East Cleveland and that a violation of the ordinance was a violation of law as to age within the exclusion clause of the policy. In view of the fact that we construe Clauce (C) as an independent and unconditional promise to defend, it becomes unnecessary to pass upon the question as to whether the company is relieved from liability by reason of the fact that the boy who was operating the car was only sixteen years of age. To decide that question in this case would be mere obiter.

For the reasons given this court is of the opinion that the judgment is right and it will be affirmed.

LLOYD and WILLIAMS, JJ, concur.