HORVATH *v.* FINEST PRODUCTS CO.

NEGLIGENCE—PERSONAL INJURIES—LIABILITY OF MASTER—SCOPE OF EMPLOYMENT.

In actions against owner and driver of motor truck by husband and wife for personal injuries sustained by latter as result of driver's negligence where evidence conclusively shows that at the time of the injury he was on business of his own and not that of the employer, judgment holding latter liable was error.

Appeal from Genesee; Parker (James S.), J. Submitted January 24, 1935. (Docket No. 157, Calendar No. 38,279.) Decided March 5, 1935.

Separate actions of case by John Horvath and Theresa Horvath against Finest Products Company, a Michigan corporation, and another for damages for personal injuries sustained by Theresa Horvath when hit by defendant corporation's truck. Cases consolidated for trial. Judgments for plaintiffs. Defendant corporation appeals. Reversed, without a new trial.

*Fred A. Wertman* and *Guy A. Selby,* for plaintiffs.

*Kerr, Lacey & Scroggie* (*Thomas F. Stockton,* of counsel), for defendant Finest Products Company.

BUSHNELL, J.   Plaintiffs in the two cases are husband and wife. Counsel agreed to consolidate and try both cases without a jury. Separate judgments were entered; for Theresa Horvath in the sum of $1,500, and for John Horvath in the sum of $708.25.

Defendant company is the owner of a three-ton delivery truck used for hauling and delivering beer. Upon his return from Saginaw one afternoon defendant's driver, McGee, who was not served with process, was directed to deliver a half barrel of beer to a customer of the company, located about seven miles southwest of the city of Flint, and upon completion of this duty, he was directed to take the truck to his home and park it there for the night. Disregarding his employer's instructions, McGee left the warehouse, went to his home, which is located south thereof in the city, picked up a relative and made the delivery. Instead of returning directly to his home, he and his companion had some

sandwiches and beer, and then proceeded to visit other drinking places. They returned to the city by another route, and after passing the place where the truck should have been parked, and the neighborhood of the employer's warehouse, the pair reached the northerly part of the city of Flint some time after 9 o'clock in the evening. About two miles north of his home, McGee lost control of the truck, ran up on the curb, damaged property in general and struck plaintiff Theresa Horvath as she was leaving the front porch of a house in which she had been visiting.

The trial court's attention was directed to the applicable law as stated in *Drobnicki* v. *Packard Motor Car Co.*, 212 Mich. 133, but nevertheless defendant Finest Products Company was held liable. The facts also come within our recent case of *Irwin* v. *Williamson Candy Co.*, 268 Mich. 100. The court was in error in its verdict. The judgment entered is set aside without a new trial, and with costs to appellant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.