FOOTE v. HUELSTER.

1. AUTOMOBILES—MASTER AND SERVANT—SLIGHT DEVIATION FROM ROUTE—NEGLIGENCE.

Employee may deviate somewhat from the direct route without releasing his employer from liability for negligent operation of his automobile.

2. SAME—MASTER AND SERVANT—SEVERANCE OF RELATION.

Employee who drives his employer's car off from direct route to engage in some purpose of his own or to accommodate a friend severs relation essential to fasten liability upon employer for negligent operation of his car.

3. SAME—LIABILITY OF OWNER FOR CHAUFFEUR'S NEGLIGENCE.

In action by administrator of estate of one fatally injured in automobile collision against chauffeur and owner of other car, owner *held*, entitled to directed verdict in her favor, where chauffeur, when sent upon an errand with the car, deviated from direct route for his own purpose and to accommodate a friend.

4. NEGLIGENCE—PRESUMPTION OF DUE CARE BY DECEDENT—EYE-WITNESSES—BURDEN OF PROOF.

Presumption that one who is fatally injured in an accident exercised due care does not apply where there are eyewitnesses, hence, plaintiff, administrator of decedent's estate, has burden of proof of defendant's negligence and freedom from contributory negligence on part of decedent, even though the eyewitness is an adverse party.

5. AUTOMOBILES—CARE EXERCISED BY DECEDENT—QUESTION OF FACT—EVIDENCE.

In action by administrator of estate of one fatally injured in automobile accident, evidence *held*, to present issue of fact as to care exercised by decedent.

6. APPEAL AND ERROR—CURING ERROR—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In action by administrator of estate of one fatally injured in automobile collision, court, in sustaining objection to testimony of defendant chauffeur, an eyewitness, as to what had occurred on the ground it was equally within the knowledge of deceased *held*, in error which was not cured by failure to strike out answers, since the ruling barred further legitimate inquiry and nullified the answers given (3 Comp. Laws 1929, § 14219).

7. EVIDENCE — DAMAGES — PROSPECTIVE EARNINGS — SPECULATIVE CHARACTER.

The law requires the best evidence obtainable on the subject of prospective loss of earnings but does not render the somewhat speculative character of such proof any ground for exclusion.

8. DAMAGES—DEATH—RETIRED LUMBERMAN—EXECUTORS AND ADMINISTRATORS.

Administrator of estate of retired lumberman *held*, not barred from recovering damages for his death because he had laid off on account of the depression and was engaged in nonremunerative occupations where there was no evidence that he was incapacitated from resuming his former gainful occupation.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 10, 1935. (Docket No. 81, Calendar No. 38,214.) Decided June 3, 1935. Rehearing denied October 30, 1935.

Case by Thomas E. Foote, administrator of the estate of Horace L. Foote, deceased, against Alice A. Huelster and Don King for personal injuries received by plaintiff's decedent in an automobile collision at a street intersection. Verdict and judgment for plaintiff against both defendants. Defendants appeal. Reversed without a new trial as to defendant Huelster. Reversed with new trial as to defendant King.

*McAllister & McAllister,* for plaintiff.

*Dunham & Sherk,* for defendants.

WIEST, J. The afternoon of July 14, 1933, at the intersection of Morris avenue and Logan street in the city of Grand Rapids, an automobile, owned by defendant Alice A. Huelster, and driven by defendant Don King, a licensed driver employed by Mrs. Huelster, and an automobile driven by Horace L. Foote, plaintiff's decedent, came into collision and Mr. Foote received injuries, from which he died two days later without regaining consciousness.

This suit was brought to recover damages in behalf of Mr. Foote's estate and, upon trial by jury, resulted in a verdict for plaintiff against both defendants and judgment thereon. Defendants appeal, and we will first consider the errors assigned in behalf of Mrs. Huelster.

Mrs. Huelster employed King to drive her automobile and, on the day of the accident, he drove her to the home of her daughter and there she directed

him to go to another part of the city on an errand and return for her. King deviated from the direct route of his errand and, while off the route, was accosted by a friend who requested King to drive him to a mentioned foundry in order that he might obtain a check. King acceded to the request and, while accommodating his friend, the accident happened.

At the close of the proofs, the facts mentioned appearing in evidence, counsel for Mrs. Huelster moved for a directed verdict in her favor. This was denied, and presents claimed error.

It appears that the driver not only deviated from the route of his directed employment but also departed from the scope of his employment. At the time of the accident King was using his employer's automobile for the accommodation of a friend. He was not then engaged upon his employer's business or on the course of her errand but upon his own purpose. A servant may deviate somewhat from the direct route without releasing his employer from liability but, if he turns aside from the business or errand of his master to engage in some purpose of his own or, as in the case at bar, to accommodate a friend, it is more than a mere deviation and severs the relation essential to fasten liability upon his master for his negligence.

As said in *Dunne* v. *Hely,* 104 N. J. Law, 84 (140 Atl. 327):

"It is to be observed that it is not the circumstance of a deviation made from the direct route that determines the question of liability of a master for the tortious act of his servant, but rather, whether the act of deviation *per se* was so disconnected from the master's service as to exonerate him from liability."

The accident happened after King departed from his employer's business and while he was driving for the accommodation of his friend. King, not being on his employer's business at the time and place of the accident and using the automobile for his own purpose to accommodate his friend, Mrs. Huelster was entitled to a directed verdict in her favor.

There was evidence from which the jury could find King guilty of negligence but, in his behalf, it is urged that plaintiff failed to prove decedent's freedom from contributory negligence. This point was presented by motion at the conclusion of plaintiff's proofs and overruled by the court. Apparently at that point in the trial plaintiff relied upon the presumption that, in the absence of eyewitnesses, the deceased exercised due care. Don King, who was an eyewitness, was made a defendant and the friend he was carrying in his automobile was also an eyewitness, so the presumption could not be entertained.

The burden was on plaintiff not only to show negligence on the part of King but as well no contributory negligence on the part of Mr. Foote.

Where there is an eyewitness to an accident the issue of due care rests upon proof and not upon presumption. This is so even if the eyewitness is the adverse party.

We think there was enough evidence relative to the place and character of the collision and skid marks upon the pavement to present an issue of fact relative to the care exercised by Mr. Foote.

King was called as a witness in his own behalf and objection was made and sustained to his testifying to what occurred on the ground that it was equally within the knowledge of the deceased.*

---

* See 3 Comp. Laws 1929, § 14219.—Reporter.

We have repeatedly stated the rule on this subject and the court was in error in sustaining the objection. See *Noonan* v. *Volek,* 246 Mich. 377; *Tomczyk* v. *Railway Co.,* 267 Mich. 474; *Lapachin* v. *Standard Oil Co.,* 268 Mich. 477; *Hanna* v. *McClave,* 271 Mich. 133 (April, 1935).

This constituted prejudicial error, and was not cured by failure to strike out the answers. The ruling barred further legitimate inquiry and nullified the answers given.

To show loss to his estate by reason of the death of Mr. Foote, who was a retired lumberman, plaintiff called one qualified to give an opinion as to the value of Mr. Foote's services as an expert lumberman in case of employment. Mrs. Foote testified that, on account of the depression, Mr. Foote laid off from his employment ''until things would pick up,'' and became interested in contract bridge, played in tournaments, wrote articles for papers and compiled a book. There was no evidence that he was incapacitated from resuming his former occupation.

The law, of course, requires the best evidence obtainable on the subject of prospective loss of earnings but does not render the somewhat speculative character of such proof any ground for exclusion. This is well illustrated in cases of minors, never employed but possessed of latent talents.

The judgment against defendant Huelster is reversed, with costs and without a new trial. The judgment against defendant King is reversed and a new trial granted, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.