KIESZKOWSKI *v.* ODLEWANY.

1. AUTOMOBILES—NEGLIGENCE—OWNER'S CONSENT TO USE—PARTICULAR DRIVER.

In action against owner of truck who loaned it to deliver a load of wood and borrower was accompanied by a minor who had helped owner in his beer store for small sums of money from time to time but who was not owner's employee and borrower turned truck over to such minor whose later negligent operation resulted in injuries to plaintiff, minor is *held,* to have been driving truck with the knowledge and consent of defendant owner, since it is not essential to such consent that the particular driver be known, and his driving be consented to, by the owner (1 Comp. Laws 1929, § 4648).

2. SAME—NEGLIGENCE—OPERATOR'S DEVIATION FROM ROUTE.

Minor who was operating defendant's truck when plaintiff was injured as operator was returning from visit to operator's friend somewhat off route he had chosen to redeliver truck from borrower to defendant *held*, on deviation, not on route so as to charge owner with liability for operator's negligence.

3. SAME—DEVIATION FROM ROUTE—OWNER'S CONSENT.

In determining whether or not owner of automobile is liable for negligence of driver where question of latter's deviation is presented, decisive factor is not degree of deviation but whether owner has impliedly consented to route taken, so where owner prescribes route to be taken, failure to follow such route without sufficient cause would be a deviation, and if no route is specified and driver selects a feasible, though not the shortest, one, there would be no deviation; but failure to specify a particular route does not, of itself, permit a personal use of the vehicle.

Appeal from Wayne; Keidan (Harry B.), J. Submitted April 22, 1937. (Docket No. 102, Calendar No. 39,169.) Decided June 7, 1937.

Case by Herbert Kieszkowski, a minor, by his next friend, Walter Kieszkowski, against Stanley Odlewany and another for personal injuries sustained when struck by an automobile. From judgment for plaintiff against both defendants, defendant Stanley Odlewany appeals. Reversed and remanded for entry of judgment for appellant.

*William Cohen* and *Morris Luskin*, for plaintiff.

*Harold S. Knight* (*Linsey, Shivel & Phelps*, of counsel), for defendant Odlewany.

BUSHNELL, J. Plaintiff, a minor, by his next friend, recovered a $500 judgment for injuries claimed to have been inflicted through the negligent operation of a truck owned by defendant and driven by another.

On October 26, 1935, defendant, who does business in the city of Hamtramck, permitted John Wandor to use his truck to deliver a load of wood. Bruno Jasinski, a minor, accompanied Wandor. Jasinski had received small sums of money from time to time for helping the defendant in the latter's beer store, but was not his employee. Wandor delivered the wood and then surrendered the keys of the truck to Jasinski, instructing him to return it to defendant's store.

Jasinski did not select the shortest route by which to return to Odlewany's store because, as he stated, "I was afraid I would get in an accident on Joseph Campau (which is the principal business street of Hamtramck), it was too busy a section." Instead, he chose to drive on Conant avenue, which is several blocks east but runs in the same direction as Joseph Campau, as this would not require driving in traffic on Joseph Campau.

It is admitted that while driving on Conant, Jasinski turned west on Norwalk and proceeded about one-half block on the latter street to call on a friend, who was not at home. Jasinski then turned the truck around and headed back toward Conant, but before reaching Conant, struck some sand in the street, lost control of the truck, which ran up and over the curbing and injured plaintiff. The finding of the trial judge that Jasinski was negligent is not disputed.

Jasinski was driving the truck with the knowledge and consent of defendant.

"At the time of the accident the car was being used by John, who was riding in it, but was being driven by Walter. Does the essential consent mentioned in the statute (1 Comp. Laws 1929, § 4648)

relate to the *driver,* or to the vehicle 'being driven?' The statute makes the owner liable if the 'motor vehicle is being driven with his or her express or implied consent or knowledge,' and we cannot read into it the restriction that the particular driver must be known by and his driving consented to by the owner. The statute may be drastic, but we cannot render it less so by any permissible construction." *Kerns* v. *Lewis,* 246 Mich. 423.

Was Jasinski deviating from his route to defendant's store when the accident occurred? Was the deviation of such a nature as to relieve defendant from liability?

The trial court held:

"Bruno did not take the most direct route to defendant's place of business. He could have taken a shorter one. He testified that he took that route in order to avoid the congested traffic on Joseph Campau avenue. The deviation on Norwalk avenue was not more than three blocks. When the accident happened Bruno had turned around on Norwalk avenue and was on his way back to defendant's store.

"It is my opinion and I so find that at the time of the accident the truck was being driven within the limits of the permission given by the defendant. I think it would be unreasonable to hold that a driver who deviates three blocks from his route to see his friend is without the scope of the permission given by the owner."

For clarity, it must be shown that when Jasinski turned from Conant onto Norwalk, he was proceeding in the general direction of defendant's store, but when he turned around and started back toward Conant, at which time the accident occurred, he was

going away from defendant's store. Jasinski testified:

"*Q*. And you drove west on Norwalk almost to Gallagher to see this boy friend?
"*A*. Yes, sir."

Our holding in *Irwin* v. *Williamson Candy Co.*, 268 Mich. 100, controls the question of the effect of Jasinski's deviation to visit a friend. We said in that case:

"The effect of appellant's argument would be to construe *Murphy* v. *Kuhartz*, 244 Mich. 54, as holding that when a servant reaches a point less distant from his proper destination than the point of deviation, he would then re-enter the employment of his master. Such is not the meaning of the decision, nor is it a proper construction of the language of the opinion. The decision states:

" 'There are cases which hold that where a servant in driving his master's truck so deviates from his regular route as to suspend the relation of master and servant, it is immediately restored when he starts to return. * * * But by better authority it is held that the relation of master and servant is not restored until he has returned to the place where the deviation occurred or to a corresponding place, some place where, in the performance of his duty, he should be.'

"The writer of the opinion determined from the facts presented that the driver, at the time of the accident, had reached a route where, in the performance of his duty, he should be, and then stated:

" 'When he reached this route at a point less distant than the last place of delivery, he had completed the trip which he had taken on his independent business and had re-entered the employment of his master. He was then engaged in no business of his own but was exclusively in the service of his master.'

"The emphasis must be placed on the last sentence of the quotation. To place a different construction upon the decision would result in absurd application of the rule. Cases would be determined by comparisons of distances rather than upon

proper consideration of the facts. Servants who engage in larks or escapades of their own, wholly unrelated to the business of their master, would thereby subject the master to damages. Such is neither the contemplation of the law nor the intent of our holding in that case.''

The deciding factor is not the degree of the deviation, but rather, whether the owner impliedly consented to the route taken. With this distinction in mind, it can be seen, that in a legal sense, there can be no such thing as slight deviation. Either there is, or there is not, a deviation. For example, where the owner of a vehicle gives express instructions as to the route to be followed, failure to follow that route without sufficient cause, would be a deviation, even though it were but one block from the route to be taken; the reason is there could be no implied consent to take another route. However, where no route is specified, and the driver, in the exercise of his judgment, selects a feasible one, even though it be not the shortest, there would be no deviation because the owner impliedly consented to whatever feasible route the driver selected; but failure to specify a particular route does not, of itself, permit a personal use of the vehicle, and unless consent can be implied from some other source, such use is a deviation. Such was the situation herein.

Some attempt is made to distinguish the decisions on this question where a master and servant relation is involved from those wherein the lender-borrower situation exists. There is no distinction in so far as the applicable legal theory is concerned, 1 Comp. Laws 1929, § 4648, governs both instances. Where a master and servant relation exists, the implied consent of the owner of the vehicle extends to the scope of employment. When the servant is

outside the scope, he is outside the consent; the terms are co-extensive, and, as used in this sense, have the same meaning. The scope of employment is merely the measuring rod by which it can be determined whether the servant was acting within the implied consent of the employer. The lender-borrower relation has no measuring rod, but the theory of implied consent is the same.

The judgment of the trial court is reversed and the cause is remanded for entry of judgment for defendant.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.