CITY POULTRY & EGG CO. *v.* HAWKEYE CASUALTY CO.

Insurance—Automobiles—Defense of Suits—Construction of Policy.

In insured's action under automobile insurance policy where-under insurer agreed to pay on behalf of insured all sums latter should become obligated to pay by reason of liability imposed because of operation of the automobile for damages to person or property and agreeing to defend suits against insured but limiting application of policy so as not to include coverage for bodily injuries to persons being transported thereby, the obligation to defend suits is clear, unequivocal, and absolute; hence where insurer refused to continue defense of action against insured, brought by a person being transported in insured truck, insurer was liable for expenses incurred by plaintiff in its defense of action which had resulted in judgment of no cause of action.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 8, 1941. (Docket No. 15, Calendar No. 41,381.) Decided May 21, 1941. Rehearing denied June 30, 1941.

Assumpsit by City Poultry & Egg Company, Incorporated, a Michigan corporation, against Hawkeye Casualty Company, an Iowa corporation, assignee of United Automobile Insurance Company of Grand Rapids, Michigan, a Michigan corporation, for breach of contract to defend a suit against plaintiff. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bernstein & Bernstein,* for plaintiff.

*Knight & Panzer,* for defendant.

McAllister, J. On February 14, 1937, plaintiff company purchased a policy of automobile accident

insurance from defendant covering liability for damages resulting from the operation of a truck. In the policy, the insurer agreed:

"(1)  *Property Damage.*
"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of ownership, maintenance or use of the automobile.
"(2)  *Bodily Injury Liability.*
"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"(A)  *Defense, Settlement, Supplementary Payments.*
"It is further agreed that as respects insurance afforded by this policy under coverages 1, 2, and 3 of section 1 the company shall
"(1)  defend in his name and behalf any suit against the insured alleging such injury or destruction on account thereof, even if such suit is groundless, false, or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company, and by investigation, attempt at settlement, and defense of suit the company shall not be deemed to have waived any defenses under this policy."

After many further provisions, the following is set forth in the policy under the heading of "Limitations":

"This policy does not apply: * * * (5) under coverage 2 of section 1, to bodily injuries or to death of * * * any person or persons being transported by any commercial vehicle described herein."

On June 29, 1937, while the policy was in effect, Rose Onickel, while riding as a passenger in the truck, suffered injuries as a result of a collision, and brought suit against plaintiff company, which referred the case to defendant insurance company.

Defendant filed an answer on behalf of plaintiff, but after the case had been placed on the trial docket, defendant advised plaintiff to secure its own attorney. Plaintiff responded by informing defendant that unless it continued to handle the case, it would be held liable for all losses sustained in the suit and for all costs that might be incurred in its defense. When the insurance company refused to continue the defense of the suit, plaintiff secured another attorney. The case was tried, and plaintiff herein received a judgment of no cause of action. Thereafter plaintiff presented the bill of its attorney in the amount of $771 to defendant for payment, and upon refusal thereof sued defendant.

The case was tried without a jury, and the trial court held that under the terms of the policy defendant was obligated to defend plaintiff company in the damage suit; and entered judgment against the defendant for the amount of the attorney's fees expended in the damage suit by plaintiff.

It is claimed by defendant that, under the policy, the insurance company was not liable for the payment of damages for injuries received by Rose Onickel, for the reason that liability for bodily injuries of a person transported by the truck was specifically excepted in the contract of insurance; and that it was not liable for expenses incurred in defending the suit, when it failed to do so, for the

reason that the obligation of defendant referred only to suits against the plaintiff in which the insurance company would be liable to pay a judgment rendered against plaintiff; and it must be held that the insurance company would not have been liable to pay any judgment that Miss Onickel might have recovered, as such liability was excepted from the policy.

Was defendant under obligation to defend the suit? The answer to this question depends upon whether the undertaking to defend suits against the insured alleging personal injuries is independent and severable from the obligation to pay a judgment—or independent from the exception stipulating that the insurance company was not obliged to pay a judgment if the injured person was being transported at the time by the truck.

We are of the opinion that the undertaking to defend and the undertaking for payment of damages were severable and independent. The obligation to defend suits alleging injuries, sustained by persons, caused by accident *and arising out of the use of the automobile,* is clear and unequivocal. The insurance company could have limited its obligation to the defense of suits where, on the facts, the insurance company was liable to the insured in case of judgment. That, however, is not this case. Here, the undertaking to defend is absolute. See *Union Indemnity Co.* v. *Mostov,* 41 Ohio App. 518 (181 N. E. 495); *American Liability Co.* v. *Remke,* 34 Ohio App. 496 (171 N. E. 372). Many cases cited by defendant are not applicable. In *Morgan* v. *New York Casualty Co.,* 54 Ga. App. 620 (188 S. E. 581), a man had fallen through a coal chute left open by employees of the insured after unloading coal from a truck. Such an accident did not arise from the ownership or operation of the truck. To

like effect is *Commonwealth Casualty Co.* v. *Headers,* 118 Ohio St. 429 (161 N. E. 278), where a driver of a truck, after an altercation,. committed an assault on a customer. It may be said, however, that the courts are not unanimous in their holdings upon the severability of such obligations. But it is our conclusion that in the instant case, under the terms of the policy, it was incumbent upon the insurance company to defend the suit and, failing to have done so, it is liable for the expenses incurred by plaintiff in its defense.

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.