JEFFRIES *v.* JODAWELKY.

1. AUTOMOBILES—SPECIAL DELIVERIES—NEGLIGENCE—PERSONAL USE OF TRUCK BY OWNER'S EMPLOYEE—CONSENT.

> In action for negligent operation of truck by owner's employee who had made several special deliveries pursuant to orders of employer, although he might have taken a feasible route in returning that was not the shortest one and render owner of truck liable, where driver had departed from the scope of his employment and was engaged on business personal to himself, the employer was not liable for driver's negligence in the absence of consent implied from some other source than mere use of the truck.

2. SAME—DEVIATION FROM ROUTE—DEFINITION.

> A deviation, relieving employer from liability for negligence of his employee, occurs when a route pursued by truck driver, which might otherwise have been permissible, is selected to carry out a mission personal to the employee.

3. SAME—PERSONAL BUSINESS OF EMPLOYEE—CREDIBILITY—PRIOR STATEMENTS.

> Statements of employee whose negligence resulted in injury to plaintiff, which were made prior to trial, and in which nothing was said that he was on a personal mission of his own in driving the truck when accident occurred, *held*, not to have amounted to substantive evidence presenting question of credibility of witness for jury and permitting determination as to whether or not he was acting within the scope of his employment in view of his positive testimony at the trial that he was on his way to see a girl and no other testimony appears in record in contradiction thereto.

Appeal from Wayne; Shaffer (John C.), J., presiding. Submitted January 14, 1943. (Docket No. 35, Calendar No. 42,225.) Decided February 23, 1943.

Case by Olga Jeffries against George Jodawelky and Risdon Bros., Inc., a Michigan corporation, for damages for personal injuries sustained by plaintiff when hit by defendant corporation's truck. Verdict for plaintiff. Judgment for defendant corporation *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Walter Stark* and *Vandeveer & Haggerty (Fred L. Vandeveer,* of counsel), for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendant.

CHANDLER, J. On September 6, 1939, plaintiff was injured when struck by a truck driven by defendant Jodawelky and owned by his employer, Risdon Bros., Inc.

On the afternoon of the accident, Jodawelky had been instructed to make certain special deliveries with the truck in the northwest section of the city of Detroit. No particular route had been specified that he was to follow. After completing the deliveries, he was to return the truck to his employer's garage which was located on E street, south of Michigan avenue, between 25th street and Roosevelt. He made his last delivery to a customer on Belden, and then drove south on Dexter boulevard to West Grand boulevard where he turned to the right and proceeded in a westerly direction to Grand River avenue. At Grand River avenue, he turned left and continued to Vinewood, a street running north and south. He turned south on Vinewood and could have continued thereon to E street at which point he would have been two blocks east of his employer's garage. However, when he reached the intersection of Vinewood and McGraw, he turned west on McGraw and was traveling

thereon when the accident occurred. He testified that he intended to follow McGraw to Scotten, turn south on Scotten and proceed to the intersection of Scotten and Michigan avenue where he planned to stop and see a girl friend to make an engagement for the following Saturday evening. If the accident had not intervened, he would have continued to the employer's garage after seeing the girl by traveling east on Michigan avenue to Vinewood, thence south to E street.

The jury returned a verdict in favor of plaintiff against both defendants. Thereafter, the trial court granted the motion of Risdon Bros., Inc., for entry of a judgment *non obstante veredicto* on the theory that at the time and place of the accident, Jodawelky had departed from the scope of his employment and was pursuing a solely personal errand in that he intended to stop at Scotten and Michigan to see a girl.

Plaintiff appeals and argues that inasmuch as the employee was given no instructions as to a particular route to be followed in making his deliveries, he remained within the scope of his employment if the route he intended to take and was pursuing at the time of the accident was a feasible one, even though it would not have been as short as it would have been had he continued straight south on Vinewood, citing *Kieszkowski* v. *Odlewany*, 280 Mich. 388. However, if it be assumed that the route Jodawelky intended to take was feasible, though not the shortest, such facts would not fasten liability on the employer if the employee had departed from the scope of his employment and was engaged on business personal to himself. As we said in the case above cited (p. 393):

"But failure to specify a particular route does not, of itself, permit a personal use of the vehicle,

and unless consent can be implied from some other source, such use is a deviation."

The deviation or departure from the business of the master is the important issue, as we pointed out in *Irwin* v. *Williamson Candy Co.*, 268 Mich. 100, not the geographical deviation from a prescribed or "feasible" route, as the deviation from the route arises as an incident to the departure by the servant from the scope of his employment. A deviation occurs when a route, which might otherwise have been permissible, is selected to carry out a mission personal to the employee.

Jodawelky testified positively that when he turned west on McGraw it was for the sole purpose of visiting the girl. If true, he was not engaged in his employer's business at the time the accident occurred and the employer would be relieved of liability for the resulting injury. See *Brinkman* v. *Zuckerman*, 192 Mich. 624; *Drobnicki* v. *Packard Motor Car Co.*, 212 Mich. 133; *Murphy* v. *Kuhartz*, 244 Mich. 54; *Nevins* v. *Roach*, 249 Mich. 311; *Irwin* v. *Williamson Candy Co.*, *supra*; *Horvath* v. *Finest Products Co.*, 270 Mich. 352; *Foote* v. *Huelster*, 272 Mich. 194; *Kieszkowski* v. *Odlewany*, *supra*; *Kalinowski* v. *Odlewany*, 289 Mich. 684.

If Jodawelky's testimony is to be accepted, the trial court did not err in entering judgment as to Risdon Bros., Inc. Plaintiff claims, however, that a jury question was presented as to his testimony because, prior to the trial, he had given various statements in which nothing was said relative to his intention to stop at Scotten and Michigan to see a girl and he had insisted that he was engaged in no personal errand at the time of the accident. He was called by plaintiff for cross-examination, confronted with the contents of the prior statements, and testified positively that he was on his way to see the girl

and no other testimony appears in the record in contradiction thereto.  In our opinion, the statements given prior to the trial did not rise to the dignity of substantive evidence to present a jury question as to the credibility of the witness and permit them to determine whether or not he was acting within the scope of his employment when the plaintiff was injured.

Judgment affirmed, with costs to appellees.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.