FREEZA v. SCHAUER TOOL & DIE COMPANY.

1. MASTER AND SERVANT—TORT OF EMPLOYEE ON DEVIATION FROM ROUTE ON OTHER THAN EMPLOYER'S BUSINESS.

Employer was not, as such, liable for tortious act of his employee while operating a motor vehicle in a direction taking him constantly away from the direct course for a purpose of the employee's own not incident to, nor connected with, the business of the employer.

2. SAME—DEVIATION FROM ROUTE.

Failure to specify a particular route does not, of itself, permit a personal use of the employer's vehicle by the employee, and unless consent can be implied from some other source, such use is a deviation.

3. SAME—AUTOMOBILES.

An employer's implied consent to the use of his motor vehicle by his servant is coextensive with the scope of the employment (1 Comp. Laws 1929, § 4648).

4. AUTOMOBILES—MASTER AND SERVANT—USE OF CAR OUTSIDE SCOPE OF EMPLOYMENT.

In action by minor and his parent for damages sustained while in defendant's car defendant was not liable where his servant, operating it when the minor was injured, was using the car outside the scope of employment (1 Comp. Laws 1929, § 4648).

Appeal from Oakland; Doty (Frank L.), J. Submitted June 9, 1948. (Docket Nos. 31, 32, Calendar Nos. 44,078, 44,079.) Decided September 8, 1948.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 5 Am. Jur., Automobiles, §§ 375, 377, 378.
[1–4] 35 Am. Jur., Master and Servant, §§ 555–557.
[1–4] Owner's liability for injury by automobile while being used for servant's own pleasure or business, 22 A.L.R. 1397; 45 A.L.R. 477; 68 A.L.R. 1051; 80 A.L.R. 725; and 122 A.L.R. 858.
[2] 5 Am. Jur., Automobiles, § 376.

Separate actions of case by Paul Freeza and Peter A. Freeza, by Paul Freeza, his next friend, against Schauer Tool & Die Company, a corporation, for damages sustained in an automobile accident. Cases tried together. Directed verdicts and judgments for defendant. Plaintiffs appeal. Affirmed.

*Charles S. Matthews,* for plaintiffs.

*Howlett & Hartman,* for defendant.

DETHMERS, J. Peter Freeza, a minor, brought suit by his next friend for damages for personal injuries arising out of an automobile accident. His father, Paul Freeza, sued to recover damages accruing to him by reason of the son's injuries. The cases were combined for trial and on appeal.

The defendant operated a machine shop on Woodward avenue in the city of Birmingham. On the date of the accident defendant's employee, Hector Sandoval, drove defendant's truck, on business for defendant, to Detroit, taking with him, as his guests, Peter Freeza and another boy. After completing the defendant's business for which he had gone to Detroit Sandoval, still accompanied by the two boys, drove north on Woodward avenue from Detroit toward Birmingham. Peter Freeza and the other boy testified that when Sandoval had reached a point on Woodward avenue about four miles south of defendant's shop, which was then directly ahead of him on that avenue, he turned west on the so-called 11-Mile Road for the purpose, as he said, of calling upon a girl friend who lived about five miles west from that point; that the accident, resulting in injuries to Peter Freeza, occurred en route to the girl's home, at a point on the 11-Mile Road about four miles west of Woodward avenue. Plaintiffs allege that the

accident was caused by the gross negligence of Sandoval, who was killed.

At the conclusion of plaintiffs' proofs, upon defendant's motion, the trial court directed a verdict of no cause for action on the ground that when the accident occurred Sandoval was not acting within the scope of his employment and was not on his employer's business. From denial of motion for new trial, plaintiffs appeal.

Plaintiffs contend that (1) mere deviation from the direct route back to defendant's shop would not take Sandoval out of the scope of his employment; (2) in the absence of evidence on the part of the defense as to what instructions defendant had given Sandoval concerning the route he should take, it must be assumed that he was traveling a permissible route and, thus, was within the scope of his employment; (3) the case, at all events, does not depend upon the liability of a master for the torts of his servant, but involves, rather, the liability of an owner of an automobile, under 1 Comp Laws 1929, § 4648 (Stat. Ann. § 9.1446), for its negligent operation by one operating it with the owner's knowledge and consent.

It is an answer to plaintiffs' first two contentions that, according to the undisputed testimony of one of the plaintiffs and of the other boy sworn in behalf of the plaintiffs, Sandoval not only deviated four miles from the direct route back to defendant's shop, in a direction taking him constantly further away from it, but, also, that he did so for a purpose of his own not incident to, nor connected with, the business of his employer, the defendant. Under such circumstances he was not acting within the scope or course of his employment and his employer would not be liable as such. See *Brinkman* v. *Zuckerman,* 192 Mich. 624; *Irwin* v. *Williamson Candy Co.,* 268 Mich. 100; *Foote* v. *Huelster,* 272 Mich. 194; *Jeffries* v.

*Jodawelky,* 304 Mich. 421.   See, also, *Kieszkowski* v. *Odlewany,* 280 Mich. 388, in which we said: "Failure to specify a particular route does not, of itself, permit a personal use of the vehicle, and unless consent can be implied from some other source, such use is a deviation."

In support of their third contention plaintiffs rely on *Loux* v. *Harris,* 226 Mich. 315, and *Hatter* v. *Dodge Brothers,* 202 Mich. 97.   In the *Loux Case* liability was predicated upon the master and servant relationship and a finding that, "The tort of the servant was committed while he was about the business of his master and not while on any affair of his own." The *Hatter Case* holds that use and control of an automobile in a public place gives rise to an inference that such action is with the consent of the owner. Such inference falls in the face of the testimony in this case that Sandoval deviated from the route on which he had been about his master's business to pursue a different one for a purpose of his own.

Plaintiffs' contention that the question of whether Sandoval was acting within the scope of his employment does not control because action is not planted on the theory of a master's liability for the tort of his servant but, rather, upon the so-called owner's liability statute, above cited, was considered under similar circumstances in *Kieszkowski* v. *Odlewany, supra,* in which we said:

"Some attempt is made to distinguish the decisions on this question where a master and servant relation is involved from those wherein the lender-borrower situation exists.   There is no distinction in so far as the applicable legal theory is concerned, 1 Comp. Laws 1929, § 4648, governs both instances.   Where a master and servant relation exists, the implied consent of the owner of the vehicle extends to the scope of employment.   When the servant is outside the scope, he is outside the consent; the terms are

coextensive, and, as used in this sense, have the same meaning. The scope of employment is merely the measuring rod by which it can be determined whether the servant was acting within the implied consent of the employer."

The accident occurred while Sandoval was driving the automobile outside the scope of his employment and outside the consent of its owner. Consequently, a verdict was properly directed for the defendant.

Verdict and judgment of no cause for action affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.