**HOOSIER CASUALTY CO. v. CHIMES, INC. et al.**

No. 8982.

United States District Court
E. D. Michigan, S. D.

Jan. 18, 1951.

880

Vandeveer & Haggerty and Samuel A. Garzia, all of Detroit, Mich., for plaintiff.

Lewis Daniels, Detroit, Mich., for Chimes, Inc.

Maurice F. Cole, Ferndale, Mich., for defendant Austin.

Fischer, Brown, Sprague, Franklin & Ford, Detroit, Mich., for defendant Farris.

Louis Zeff, Detroit, Mich., for defendant Rhode Island Ins. Co.

LEDERLE, Chief Justice.

Plaintiff insurance company here seeks a declaratory judgment that it has no liability by virtue of an automobile insurance policy it issued to defendant Chimes, Inc., as respects an accident which occurred in Detroit, Michigan, on May 15, 1949, wherein an ice cream truck owned by Chimes, Inc., operated by defendant Richard Austin, collided with an automobile owned and operated by defendant Rauleigh Farris, causing injuries to Rauleigh and Lillian Farris and their children, James and Gary Farris, as well as damage to the automobile. Part of this automobile damage was covered by an insurance policy issued by defendant Rhode Island Insurance Company.

The policy in question provides as follows:

"Coverage 1—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"Coverage 2—Property Damage Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

"Coverage 12—Defense, Settlement, Supplementary Payments

"As respects the insurance afforded by the other terms of this policy under coverages 1 and 2 the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent."

"Coverage 13—Definition of Insured

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

At the time this action was instituted, the injured parties and their insurance carrier were claiming that defendant Richard Austin and defendant Chimes, Inc., both as owner of the truck and as employer of Richard Austin, were responsible for these damages, and that, in turn, plaintiff's insurance policy covered such claims. Defendant Chimes, Inc., without either admitting or denying that the truck was driven with its consent or that such accident arose out of the course of defendant Austin's employment, claimed that said policy required plaintiff to furnish Chimes, Inc., and defendant Austin with a defense to such claims and also obligated plaintiff to assume any liability that might be imposed upon Chimes, Inc., or Austin as a result of said accident. Defendant Austin likewise claims that he is entitled to the same indemnification, as driver of the insured vehicle. Since institution of this declaratory judgment action, defendant Rauleigh Farris has instituted a state court damage action against Chimes, Inc., Richard Austin and others, claiming, among other things, that defendant Austin is liable for damages arising out of this accident and, likewise, that defendant Chimes, Inc., is liable under the doctrine of respondeat superior and as owner of the truck.

Plaintiff claims that the accident occurred at a time and at a place outside the scope of defendant Austin's employment for defendant Chimes, Inc., and that the truck was not at such time or place used with either the express or implied consent of Chimes, Inc. Plaintiff also claims that a determination of this issue will decide whether or not it has any liability to defend or pay the claims of the injured parties under its policy and that a declaratory judgment thereon will relieve plaintiff and defendants Chimes, Inc., and Austin from acting at their peril in relation to defense of such claims.

Plaintiff is an Indiana corporation. Defendant Chimes, Inc., is a Michigan corporation. Defendant Rhode Island Insurance Company is a Rhode Island corporation. The individual defendants are all citizens of the State of Michigan. The claims for damages and the policy limit far exceed $3000.00. Upon consideration of a motion to dismiss for want of jurisdiction, this court examined the briefs and records filed with the Sixth Court of Appeals in Maryland Casualty Company v. Faulkner, decided March 2, 1942, reported in 126 F.2d 175, which sustains jurisdiction, and found that the complaints in that case and the case at bar allege similar causes of action, seek similar relief, and involve parties with analogous diversity of citizenship. The reasoning of the Maryland Cas-

ualty case was reiterated and approved by the Sixth Court of Appeals on December 12, 1949 in Ohio Casualty Insurance Company v. Farmers Bank of Clay, 178 F.2d 570. Consequently, this court held that it has jurisdiction because of diversity of citizenship and amount involved under 28 U.S.C.A. (Rev.) § 1332.

■ There is an actual controversy within this court's jurisdiction between the plaintiff and the defendants as to plaintiff's duty to defend and its duty to pay damages under its policy, determination of which by declaratory judgment will relieve the parties from hereafter acting at their peril in relation thereto. It would be an abuse of discretion to refuse to grant declaratory relief. 28 U.S.C.A. (Rev.) § 2201; Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A. Maryland Casualty Company v. Faulkner, supra; Ohio Casualty Insurance Company v. Farmers Bank of Clay, supra; Till v. Hartford Accident and Indemnity Company, 10 Cir., 124 F.2d 405; and Travelers Insurance Company v. Crane, this court, 94 F.Supp. 44.

Each of the minor defendants is represented by a guardian ad litem. The case is at issue as to all defendants. Plaintiff has taken and filed the depositions of Benny Rubenfaer, president of Chimes, Inc., Richard Austin, driver of the Chimes' truck and Joseph Whittaker, a passenger of the Chimes' truck. Counsel for Rauleigh and Lillian Farris, the adult injured parties, have conceded that they have no knowledge relative to the scope of Austin's employment for Chimes, Inc., nor of any other incidents preceding the occurrence of the collision.

Plaintiff has moved for summary judgment under Rule 56, contending that the pleading, depositions and admissions on file show that there is no genuine issue as to any material fact and that plaintiff is entitled to the judgment it seeks as a matter of law. From the sources indicated, the facts hereafter set forth stand undisputed:

(a) For about two months prior to May 15, 1949, defendant Richard Austin had been employed by Chimes, Inc., as an ice cream salesman, vending ice cream products from a Chimes truck in a designated territory throughout a housing project situated for the greatest part north of the northwest portion of the City of Detroit, the southeasterly boundary of which was the intersection of Livernois and Pembroke Avenues, which is one-half mile south of the northerly city limits. The only exception to this regular territory was that defendant Austin could travel about one-half mile south to sell ice cream products at a school located near the corner of Livernois and Margareta Avenues. Defendant Austin had specific instructions, because of the nature of the neighborhood which comprised his regular territory, that he should complete his selling and have the truck out of that project before dark.

(b) During May, 1949, all ice cream salesmen of Chimes, Inc., were instructed to return trucks between the hours of eight and ten at night. Defendant Austin's returning time had never been beyond 9:30 p. m. because of his special instructions to be out of his regular territory by dark. The usual time at which drivers commenced work was 9 a. m. Each driver, upon checking into the plant of Chimes, Inc., in the morning, picked up the keys to the truck he would drive, obtained and loaded his day's supply of ice cream products, drove to a nearby gasoline station to obtain his day's supply of gasoline, and then drove the truck to his designated territory for selling. At the end of the day's selling, each truck was returned to the plant of Chimes, Inc., by its driver and the key surrendered for the night. This plant was located at 239 West Lincoln Street, Royal Oak, which is north of the City of Detroit and about three miles north of defendant Austin's regular territory.

(c) On May 15, 1949, which was a Sunday, defendant Austin arrived at the plant of Chimes, Inc., at about ten o'clock in the morning. He obtained the key to the truck he was to drive, loaded the truck with the day's merchandise and proceeded to his regular territory, lying north of and slightly in the northwest section of Detroit. He arrived in this territory at about eleven-thirty o'clock. About an hour later, during the course of his selling, he picked up a Saturday night party-goer previously unknown

to him. The two of them made trips in the ice cream truck to nearby taverns at frequent intervals during the course of Austin's afternoon selling within his designated territory. Late in the afternoon, a neighborhood bartender refused to serve them further because of their intoxicated condition. Thereupon, the ice cream selling was abandoned, and, at the suggestion of passenger Whittaker, the two drinking companions headed for downtown Detroit in the truck. In the City of Detroit, about one-half mile south and two miles east of the southeasterly limit of Austin's designated territory, the truck collided with another automobile. The damage to the other automobile was not extensive, and the main damage to the truck was a broken windshield. Austin and his companion thereafter travelled farther south and east to continue their drinking in another section of the city. At about 10:30 p. m., Austin and his companion left the last of the bars at which they had been drinking, which was located approximately five miles south and three miles east of the southeasterly limit of Austin's designated territory. This was about eight miles south and four miles east of the Chimes plant. After leaving this last establishment, defendant Austin drove the truck farther east until he collided with the Farris automobile at the intersection of Ferry and McDougall Streets, Detroit. At the time of the accident, both defendant Austin and his companion were so intoxicated that neither has any recollection of how or where the accident occurred.

Accordingly, it appears without dispute that at the time of the accident, defendant Austin was driving the truck outside of the scope of his employment. He was not engaged upon any business for his employer, nor was he engaged in returning the truck to his employer's plant. Defendant Austin did not have permission from his employer, either express or implied, to drive the truck either at the time or at the place where the accident occurred. In effect, defendant Austin's actions amounted to a conversion of the truck.

See: Foote v. Huelster, 1935, 272 Mich. 194, 261 N.W. 296, and Freeza v. Schauer Tool and Die Company, 1948, 322 Mich. 293, 33 N.W.2d 799, holding that acts of deviation such as those of defendant Austin are outside the scope of his employment, and beyond the express or implied consent of the vehicle owner, negativing liability of the employer under the doctrine of respondeat superior or as owner of the vehicle.

The policy requires plaintiff to pay any damages which its insured becomes legally obligated to pay. There being no legal obligation upon Chimes, Inc., to pay any damages resulting from said accident, it follows that the policy imposes no liability upon plaintiff to pay any such damages on behalf of Chimes, Inc.

As to defendants' claim that the policy requires plaintiff to pay damages which defendant Austin is legally obligated to pay, by the express wording of the policy such coverage extends to one other than the named insured only if such other is "any person while using the automobile * * * or * * * legally responsible for the use thereof provided the actual use of the automobile is by * * * permission * * * of the named insured." Defendant Austin's use was not by permission of the named insured, Chimes, Inc., and, therefore, no duty to pay claims against him arises under the policy.

As to the controversy between plaintiff and defendant Chimes, Inc., as to the duty of plaintiff under its policy to furnish Chimes with a defense to the claims arising out of this accident, plaintiff's counsel have appeared in the state court action on behalf of Chimes, Inc., under a non-waiver clause. The state court complaint alleges a claim against Chimes, Inc., which, if sustained, would be within the policy coverage. The contract between plaintiff and Chimes was entered into in Michigan. The employment and accident occurred in Michigan. Although some jurisdictions hold to the contrary, Eg. American Fidelity Co. v. Deerfield Valley Grain Co., D.C.Vt.1942, 43 F.Supp. 841, the rule in Michigan on provisions like those here involved is found in City Poultry & Egg Co. v. Hawkeye Casualty Co., 1941, 297 Mich. 509, at page 512, 298 N.W. 114, at page 115, viz. "We are of the opinion that the undertaking to de-

884

fend and the undertaking for .payment of damages were severable and independent. The obligation to defend suits alleging injuries, sustained by persons, caused by accident *and arising out of the use of the automobile,* is clear and unequivocal. The insurance company could have limited its obligation to the defense of suits where, on the facts, the insurance company was liable to the insured in case of judgment. That, however, is not this case. Here, the undertaking to defend is absolute. See Union Indemnity Co. v. Mostov, 41 Ohio App. 518, 181 N.E. 495; American Liability Co. v. Renke, 34 Ohio App. 496, 171 N.E. 372. Many cases cited by defendant are not applicable. * * * It may be said, however, that the courts are not unanimous in their holdings upon the severability of such obligations. But it is our conclusion that in the instant case, under the terms of the policy, it was incumbent upon the insurance company to defend the suit". The policy in suit requires the insurer to defend the insured on the claims thus asserted against it.

■ As to the contention of defendants Chimes and Austin that the policy obligates plaintiff to furnish Austin with a defense, suffice it to say that the policy does not so provide.

■ Consequently, it appears from the pleadings, depositions, and admissions on file, that there is no genuine issue as to any material fact and that the plaintiff is entitled to the declaratory judgment it seeks as a matter of law in all particulars except on the controversy as to its obligation to defend its insured. As to this latter phase, the insured Chimes, Inc., is entitled to a judgment as a matter of law.

Now, therefore, by virtue of 28 U.S.C.A. (Rev.). § 2201 and Rules 56 and 57, it is hereby ordered and adjudged as follows:

(1) That at the time and place of the accident between the Farris automobile and the Chimes truck, which occurred at Ferry and McDougall Streets, Detroit, on May 15, 1949, at about 10:30 p. m., defendant Richard Austin was driving the truck outside the scope of his employment for Chimes, Inc., and without the express or implied consent of Chimes, Inc. .

(2) That neither Chimes, Inc., nor Hoosier Casualty Company has any legal obligation to pay any damages for personal injuries or property damage arising out of said accident.

(3) That Hoosier Casualty Company is not required to afford Richard Austin any defense to any action or claim arising out of said accident.

(4) That Hoosier Casualty Company is required to afford Chimes, Inc., a defense to any action or claim alleging that the latter is legally obligated to pay damages arising out of said accident under the doctrine of respondeat superior or because the truck was driven with its express or implied consent.