· AETNA CASUALTY AND SURETY COMPANY *v.* STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

INSURANCE — LIABILITY COVERAGE — DEFENSE — DUTY OF INSURER — PLEADINGS.

The obligation of an insurer to defend its insured is separate from the obligation to pay claims, and the duty to defend an insured is determined by the allegations in the complaint against the insured; therefore when the question is which of two insurers shall defend an insured party the better choice is the insurer to whom the insured party paid premiums, rather than the insurer of a franchised dealer of the insured party.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 March 6, 1969, at Grand Rapids. (Docket No. 5,780.) Decided March 27, 1969.

Complaint by Aetna Casualty and Surety Company against State Farm Mutual Automobile Insurance Company to recover certain legal fees. Judgment for defendant. Plaintiff appeals. Affirmed.

*Hillman, Baxter & Hammond,* for plaintiff.

*Howard & Howard (John Oosterbaan,* of counsel), for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance § 1535 *et seq.*

PER CURIAM. · The plaintiff seeks by this action to recover legal expenses incurred by it in the defense of an action against Pyrofax Gas Company and others. · Pyrofax was insured by the plaintiff for personal injury and property damage liability arising out of the operation of vehicles not owned by Pyrofax. The action in which the expenses were incurred resulted from an accident involving a truck owned by one of Pyrofax's franchised dealers. The defendant was the insurer of the owner of the truck and defended. Plaintiff tendered the defense of its insured to defendant. The defendant refused to defend Pyrofax.

The trial in the original action ended with a directed verdict in favor of Pyrofax on the grounds that the truck-owner dealer was not an agent of Pyrofax. The defendant settled the injured parties' claims. The trial court in the present action ruled in favor of the defendant, holding that the expenses incurred by Aetna Casualty and Surety Company in the defense of Pyrofax could not be recovered from the defendant. We agree with the ruling of the lower court and, therefore, affirm.

It is agreed by both parties and the court that the duty to defend an insured is determined by the allegations in the complaint. *City Poultry & Egg Co. v. Hawkeye Casualty Co.* (1941), 297 Mich 509; *Guerdon Industries, Inc. v. Fidelity and Casualty Company of New York* (1963), 371 Mich 12. This is so because the obligation to defend is separate from the obligation to pay claims. Here plaintiff and defendant use almost identical language in assuming direct obligation to defend their insured parties. We agree with the trial court that good sense and justice dictate that when the question is which of two insurers shall defend an insured party

on the facts of this case, that the better choice is the insurer to whom the insured party paid premiums.

We are convinced as was the trial court that the parties here have done no more than they were contractually obligated to do.

Affirmed with costs to defendant.